IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PETER KALOS, *et al.*,          )
                                )
    Plaintiffs,              )
                                )
        v.                   )   1:10cv73 (JCC/TRJ)
                                )
SHANNON POSNER, *et al.*,       )
                                )
    Defendants.              )


### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Shannon J. Posner and Shannon J. Posner, P.A.'s (collectively, "Posner") Amended Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (the "Motion"). [Dkt. 28.]

Also before the Court are a number of motions filed by Plaintiffs: Motion for a More Definite Statement of the Summary Judgment Motion (the "Motion for a More Definite Statement") [Dkt. 30], Second Motion to Strike Defendants' Legally Insufficient Answer and Unsupported Allegations (the "Motion to Strike") [Dkt. 34[1]], Second Alternative Motion to Amend or Transfer Venue (the "Motion to Amend or Transfer Venue") [Dkt. 35], Motion for Recusal [Dkt. 38], Motion for Extension to Reply to Defendants' Opposition to Motion for More Definite Statement

---

[1] Plaintiffs' Motion to Strike and Motion to Amend or Transfer are contained in one brief, that brief having been filed at both Dkt. 34 and Dkt. 35. The Court addresses these as separate motions, corresponding to the docket number, despite being contained in one brief.

1

(the "Motion for Extension") [Dkt. 41], and Motion for Continuance to File an Opposition to Defendants' Motion for Summary Judgment (the "Motion for Continuance")[2] [Dkt. 46].

For the following reasons, the Court will grant Posner's Motion and deny each of the Plaintiffs' various motions.

## I. Background

### A. Factual Background

Peter and Veron Lee Kalos ("Plaintiffs") have filed numerous actions in this Court and in Virginia and Maryland state courts stemming from the August 7, 2006 foreclosure sale of a commercial property located at 11250 Industrial Road,[3] Manassas, Virginia, 20109 (the "Manassas Property"), that was previously owned by Plaintiffs. (Compl.[4] ¶ 2.) Plaintiffs' latest attempt to re-litigate these claims is to file suit not against the principals involved in the foreclosure of the Manassas Property, but against their agent, namely Posner, counsel for United States Surety Company ("USSC") and Greenwich Insurance Company ("Greenwich"). (Compl. ¶ 44.)

The facts underlying this case are familiar to the Court and are set forth in detail in, among other places, *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 1:09cv833, 2009 WL

---

[2] Plaintiffs did not notice for hearing their Motion for Extension [Dkt. 41] and Motion for Continuance [Dkt. 46]. The Court will address these motions without a hearing.
[3] This property apparently is also known as 11304 Industrial Road.
[4] Plaintiffs Complaint [Dkt. 1] will be referred to as "Compl."

3583606 (E.D. Va. Oct. 26, 2009). They will not be recounted in full. Relevant here, however, are USSC and Greenwich's roles in the foreclosure. USSC procured a performance bond and a payment bond (each a "Bond" and collectively the "Bonds") through the Bonds' issuer, Greenwich. (Mem.[5] at 2.) Each Bond identified Brickwood Contractors, Inc., Plaintiffs' construction company, as the principal, Greenwich as the surety, and the United States as the obligee. (P. Ex.[6] 1.) On August 11, 2003, Plaintiffs executed and delivered an Agreement of Indemnity, with USSC as the beneficiary, indemnifying USSC against any liability resulting from its procurement of the Bonds. (P. Ex. 12.) On the same day, August 11, 2003, Plaintiffs executed an Indemnity Deed of Trust and Security Agreement, naming USSC as the beneficiary and securing Plaintiffs obligations to USSC pursuant to the Agreement of Indemnity and the Bonds with the Manassas Property.[7] (P. Ex. 12.) Plaintiffs defaulted under these agreements, which defaults eventually led to the foreclosure and sale of the Manassas Property. (Mem. at 3-4); *Kalos*, 2009 WL 3583606, at *1.

Defendants represented USSC and Greenwich in connection with the Plaintiffs' default under the Bonds, the

---

[5] Posner's Memorandum in Support of the Motion [Dkt. 28] will be referred to as "Mem."
[6] Exhibits to Plaintiffs' Complaint [Dkt 1-[]] will be referred to as "P. Ex. []."
[7] The Court notes that the Deed of Trust was also secured by the Plaintiffs' property in Great Falls, Virginia, but the Complaint addresses only the Manassas Property.

enforcement of USSC's rights under the Agreement of Indemnity, and the foreclosure on the Manassas Property pursuant to the Indemnity Deed of Trust and Security Agreement. (Mem. at 11.)

B.  Procedural Background

On January 26, 2010, Plaintiffs filed their Complaint. [Dkt. 1.] On June 25, 2010, Posner filed a Motion to Dismiss [Dkt. 13], for which Posner noticed a hearing for August 13, 2010. The Court notified Posner to re-notice the hearing for another date. Posner failed to do so, and the Motion to Dismiss was deemed withdrawn pursuant to Local Civil Rule 7(E).[8]

On July 19, 2010, Plaintiffs filed a Motion to Strike Defendants' Legally Insufficient Answer and Unsupported Allegations [Dkt. 17] and an Alternate Motion to Amend or Transfer Venue [Dkt. 18]. Both motions were noticed for hearings on August 13, 2010. As with Posner, the Court notified Plaintiffs to re-notice the hearings for another date. Plaintiffs failed to do so until December 23, 2010 [Dkt. 27.] Accordingly, these motions were deemed withdrawn pursuant to Local Civil Rule 7(E).

On December 28, 2010, Posner filed the Motion. [Dkt. 28.] The Motion contained the proper notice required by

---

[8] Local Civil Rule 7(E) provides that "[u]nless otherwise ordered, a motion shall be deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed."

4

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K).

On January 5, 2011, Plaintiffs filed their Motion for More Definite Statement. [Dkt. 30.] On January 12, 2011, Posner filed an opposition to that motion. [Dkt. 33.]

On January 18, 2011, Plaintiffs filed their Motion to Strike. [Dkt. 34.] On January 28, 2011, Posner filed an opposition to that motion. [Dkt. 43.]

On January 18, 2011, Plaintiffs filed their Motion to Amend or Transfer Venue. [Dkt. 35.] On January 28, 2011, Posner filed an opposition to that motion [Dkt. 44], and Plaintiffs replied in support on February 3, 2011 [Dkt. 51].

On January 18, 2011, Plaintiffs filed their Motion for Recusal. [Dkt. 38.] On January 28, 2011, Posner filed an opposition to that motion [Dkt. 42], and Plaintiffs replied in support on February 3, 2011 [Dkt. 50].

On January 24, 2011, Plaintiffs filed their Motion for Extension. [Dkt. 41.]

On January 31, 2011, Plaintiffs filed their Motion for Continuance. [Dkt. 46.]

Posner's Motion and Plaintiffs' various motions are each now before the Court.

5

## II. Standard of Review

    A.    <u>Standard Under Virginia Law</u>

Federal courts apply state res judicata law in determining the preclusive effects of a state court judgment. *Greengael, LC v. Board of Sup'rs of Culpeper Cnty., Va.*, 313 F. App'x 577, 579 (4th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 129 (4th Cir. 2000)). Virginia's claim preclusion[9] doctrine bars "relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Martin-Bangura v. Va. Dep't. of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009) (quoting *Smith v. Ware*, 244 Va. 374, 421 (1992)). A party asserting that a claim is precluded must also "show that the previous judgment was a valid, final judgment on the merits." *Id*. "The doctrine protects litigants from multiple lawsuits, conserves judicial resources, and fosters certainty and reliance in legal relationships." *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (2001).

---

[9] As the Supreme Court has recently reiterated, "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). At issue here is "claim preclusion," or the doctrine that "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (internal quotation marks and citation omitted).

6

### III. Analysis

   A.  Claim Preclusion

Plaintiffs allege one overarching cause of action against Posner: abuse of process. (Compl. ¶ 187.) Plaintiffs' claim encompasses various allegations with respect to certain of Posner's conduct, all of which arise from Posner's actions taken in the course of Defendants' representation of USSC in its actions in foreclosing on the Manassas Property--Posner's confessions of judgment against Plaintiffs, demands of Plaintiffs for cash collateral, and seizure of the Manassas Property. (*See, e.g.*, Compl. ¶¶ 148, 152, 165, 187, 190, 192, 194.) In response, Posner argues that Plaintiffs' claim is barred by res judicata, both claim and issue preclusion. (Mem. at 10, 13.)

The record, and this Court's experience, reveals a number of cases filed by Plaintiffs in various courts all contesting the actions of various parties relating to the Bonds and to the foreclosure of the Manassas Property, among other things. Relevant here, in *Peter Kalos, et al., v. United States Surety Company, et al.*, Case No. 2008-4649, Circuit Court of Fairfax County, Virginia (the "Fairfax Action"), the Circuit Court, in a September 15, 2010 order dismissed with prejudice Plaintiffs' claims against USSC and barred Plaintiffs from

7

filing future cases in Fairfax Circuit Court against USSC *and its counsel*, without permission of the court. (D. Ex.[10] 2.)

With respect to Posner's argument for claim preclusion,[11] the only issue is whether Posner, as counsel to USSC, was in privity with USSC for purposes of the preclusive effect of the earlier litigation.

### i. The Parties are the Same or In Privity

As Plaintiffs were parties to the Fairfax Action, the issue is whether Posner, as counsel to USSC in the underlying contested behavior, was in privity with USSC for purposes of the res judicata inquiry.

As the Virginia Supreme Court has stated, "[t]here is no single fixed definition of privity for purposes of res judicata." *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (2001). Rather, for purposes of claim preclusion, privity "is determined on a case by case examination of the relationship and interests of the parties. The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *Id*.

---

[10] The exhibits to Posner's Memorandum in Support [Dkt. 28-1, 2] will be referred to as "D. Ex. []."
[11] Given the Court's disposition of Posner's claim preclusion argument, the Court need not address issue preclusion.

Here, Posner claims privity with USSC because of his work as counsel to USSC in the proceedings giving rise to Plaintiffs claims in this and prior suits. In the Fourth Circuit, privity does not exist in every attorney-client interaction for purposes of res judicata. *See Weinberger v. Tucker*, 510 F.3d 486, 493 (4th Cir. 2007) (applying Virginia law). Instead, an attorney is in privity with the client when his or her "interests [are] so identified with [the client's]" that the client "effectively represented [the attorney's] legal rights" in the prior litigation, effectively the same test for privity that applies generally. *Id*. The *Weinberger* court found that privity existed between an attorney and his client when the attorney's representation in drafting a waiver letter and a guarantee "was validated by [a] court's honoring the waiver and enforcing the guarantee" in an earlier litigation. *Id*.

Here, as in *Weinberger*, the Fairfax Action, among many others, affirmed USSC's actions in connection with Plaintiffs default under the Bonds, up to and including foreclosing on the Manassas Property. Because USSC's actions have been validated, Posner's representation of USSC in carrying out those actions has been validated as well. Defendants' interest was identical with USSC, *i.e.*, that the court in the Fairfax Action find that USSC acted properly in the enforcement of its rights under the Agreement of Indemnity, and the foreclosure on the Manassas

Property pursuant to the Indemnity Deed of Trust and Security Agreement. Thus, the Court finds that "representation by [USSC in the Fairfax Action] is representation of [Defendants'] legal right." *State Water Control Bd.*, 261 Va. at 214.

### ii. Final Judgment on the Merits

Under Virginia law, "as a general rule, a dismissal of a defendant or claim 'with prejudice' constitutes 'an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause.'" *Shutler v. Augusta Health Care for Women, P.L.C.*, 272 Va. 87, 92 (2006) (quoting *Reed v. Liverman*, 250 Va. 97, 99 (1995)). "However, a dismissal 'with prejudice' does not always constitute an adjudication on the merits or operate as a bar to a subsequent action. Rather, we have stated that the effect of the words 'with prejudice' must 'be considered in light of the circumstances in which they are used.'" *Id.* (quoting *Reed*, 250 Va. at 100).[12]

Here, the dismissal with prejudice in the Fairfax Action constitutes an adjudication on the merits. This is evident in light of the circumstances. Judge Maxfield expressly found that Plaintiffs had "extensively litigated all issues in [the] case in Maryland state courts," this Court, and Prince

---

[12] The Court also notes that in *Hughes v. Doe*, 273 Va. 45, 49 (2007), the Virginia Supreme Court held that an "order dismissing the claims . . . with prejudice for failure to comply with the statute of limitations was not a holding on the merits." The order in the Fairfax Action, however, was based on res judicata grounds and not on the statute of limitations.

William County and Fairfax County courts.  (D. Ex. 1.)  As a result, Judge Maxfield dismissed that case with prejudice because "[t]he principles of res judicata and collateral estoppel dictate[d]" such a dismissal.  (D. Ex. 2.)  Moreover, the order expressly bars Plaintiffs from bringing any further suits in Fairfax County Circuit Court against USSC and its counsel without permission of the court.  (D. Ex. 2.)  Given this context, the dismissal with prejudice of the Fairfax Action constitutes a final adjudication on the merits for purposes of claim preclusion.

        iii.    The Same Cause of Action

Under Virginia law, claim preclusion "operates to bar any claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim."  *Martin-Bangura*, 640 F. Supp. 2d at 738.  "This holds true notwithstanding that the evidence required and remedies sought in the two claims are not the same."  *Id*.  "Thus, in Virginia, claim preclusion is very broad and serves to bar any action that could have been brought in the prior proceeding, whether or not that action was actually brought, against the same opposing party or parties."  *Holmes v. Va. Cmty Coll. Sys.*, No. 1:09CV00059, 2010 WL 420048, at *5 (W.D. Va. Feb. 1, 2010).

Here, the cause of action arises from the same conduct, transaction, or occurrence as the previously litigated claim. Plaintiffs' claim for abuse of process challenges Posner's alleged behavior in the course of its representation of USSC in USSC's actions in foreclosing on the Manassas Property and otherwise responding to Plaintiffs' default under the Bonds. The disposition of the Manassas Property, including USSC's conduct with respect to it and rights resulting from it, has been upheld by this and various other courts, including, specifically as to USSC, in the Fairfax Action. Posner's actions were part of that same conduct, transaction, or occurrence, *i.e.* USSC's enforcement of its right to confess judgment on Plaintiffs and foreclose on the Manassas Property. The validity of the foreclosure has been adjudicated; Posner actions effected, in part, that transaction, and Plaintiffs could have brought their abuse of process in conjunction with their prior claims that arose out of that same conduct.

\* \* \*

For the reasons set forth above, Plaintiffs claim against Posner for abuse of process is barred by res judicata and will be dismissed with prejudice.

B. <u>Other Motions</u>

Having found Plaintiffs' case barred by claim preclusion, the Court need not further consider merits of other

motions filed by Plaintiffs in this case. Out of an abundance of caution, however, the Court will proceed and evaluate the merits of the outstanding motions filed by Plaintiffs. *See Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 94 (4th Cir. 1983) (addressing the merits of the appeal after finding that the district court lacked subject matter jurisdiction.)

### i. Motion for a More Definite Statement

Plaintiffs move for this Court to "order a more definite and numbered statement of material facts" in Defendants' Amended Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Dkt. 28]. (MDS[13] at 5.)

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement. Rule 12(e) provides in pertinent part that "[a] party may move for a more definite statement *of a pleading* to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (emphasis added). Whether to grant a motion for a more definite statement is a matter "generally left to the district court's discretion." *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).

Federal Rule of Civil Procedure 7(a) defines a "pleading" as (1) a complaint, (2) an answer, (3) a reply to a

---

[13] Plaintiffs' Motion for a More Definite Statement [Dkt. 30] will be referred to as "MDS."

counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, or (6) a third-party answer. Fed. R. Civ. P. 7(a). In light of the clearly defined meaning of a "pleading" under Rule 7(a), the Court holds that neither a motion to dismiss nor a memorandum in support thereof constitutes a pleading within the meaning of Rule 12(f). *See In re Zweibon*, 565 F.2d 742, 747 (D.C. Cir. 1977) (holding that neither a cross-motion for summary judgment nor the opposition thereto constitutes a pleading within the meaning of Rule 7(a)). Moreover, the Court finds that Defendants' motion is not "so vague or ambiguous that the [Plaintiffs] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants' argument, and the facts on which that argument relies, are clearly set forth in the motion. Accordingly, the Court will deny Plaintiffs' Motion for a More Definite Statement.

      ii.    <u>Motion to Strike</u>

Though styled as a "Motion to Strike Defendants' Legally Insufficient Answer," (MTS[14] at 1), Plaintiffs Motion to Strike addresses Defendants' Amended Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Dkt. 28].[15] Plaintiffs move this Court to strike the Defendants' "unverified allegations" and the Defendants' "motion to dismiss as insufficient." (MTS at 17.)

---

[14] Plaintiffs' Motion to Strike [Dkt. 34] will be referred to as "MTS"
[15] Defendants have not filed an answer.

Federal Rule of Civil Procedure 12(f) permits a district court to strike from "*a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). For the same reasons set forth above with respect to Plaintiffs' Motion for a More Definite Statement, the Court holds that neither a motion to dismiss nor a motion for summary judgment constitutes a pleading within the meaning of Rule 12(f). Accordingly, the Court will deny Plaintiffs' Motions to Strike.

### iii. Motion to Amend or Transfer Venue

As an initial matter, to the extent Plaintiffs move to "amend" an earlier brief or pleading, the motion does not identify any to be so amended. The Court could not discern what the Plaintiffs seek to amend. Accordingly, any motion to amend is denied.

As for the Motion to Transfer Venue, Plaintiffs move this Court to transfer to the U.S. District Court for the District of Maryland *if* the Court finds the Virginia statute of limitations would bar their claim. As illustrated by the Court's disposition of Posner's Amended Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, the Court does not rely on the statute of limitations in this case. In any event, a district court may transfer a civil action to any other appropriate district court "for the convenience of parties and

witnesses, and in the interest of justice."  28 U.S.C. § 1404(a).  The decision whether to transfer an action to another district is committed to the district court's sound discretion. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).  In determining whether to grant a motion under section 1404(a), the district court considers (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience and access of witnesses, and (4) the interest of justice.  *Id*. at 633.  Transfer is appropriate only where a balancing of the relevant factors clearly shows that the transferee forum is more convenient.  *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964).  "[T]he burden of proof rests with the party seeking transfer to show that that the circumstances of the case are strongly in favor of the transfer."  *United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985).

The Court finds that Plaintiffs have not met this burden.  Plaintiffs' argument for transfer rests solely on the Court having determined that their claim is barred by the statute of limitations, which this Court does not find. Plaintiffs make no showing with respect to the convenience of the parties, the convenience and access of witnesses, and the interest of justice.  Thus, the Court will not disturb the Plaintiffs' initial choice of venue.  Accordingly, the Motion to Transfer Venue is denied

iv. <u>Motion for Recusal</u>

Plaintiffs also move to recuse Judge James C. Cacheris from this case. (MFR[16] at 3.) Plaintiffs allege two grounds for recusal: (1) they have been told by an attorney with whom they presumably met to discuss some aspect of this or their other pending case before this Court (1:10cv1335, *Peter Kalos, et al. v. Wisenbaker Holdings, LLC*) that Plato Cacheris represents a company called Centennial Surety Associates, Inc. ("Centennial"), and (2) that this Court presided over a prisoner petition filed by the owner/member of the Defendant in the 1:10cv1335 matter, Wisenbaker Holdings, LLC.

28 U.S.C. § 455(a) requires that a judge disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." This objective test asks "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal quotation marks omitted)). The allegations here would not cause a reasonable person to question the Court's partiality.

With respect to the identity of Centennial's attorney, Centennial is not a party here and its rights or liabilities are not at issue in this case. Additionally, Centennial is not a

---
[16] Plaintiffs Motion for Recusal [Dkt. 38] will be referred to as "MFR."

party to the bonds or to the deed of trust provided by Plaintiffs that ultimately give rise to Plaintiffs' claim. Indeed, the Court's disposition of this case on res judicata grounds does not in any way take into account the role of Centennial or the merits of any position it could have as to Plaintiffs' claim or the facts from which Plaintiffs' claim arises.[17]

As to the second alleged ground, in July of 1996 this Court presided over one Emery Seth Wisenbaker's motion to vacate sentence. *See Wisenbaker v. United States*, 1:96cv1148. Given his unique name, the Court assumes that Mr. Wisenbaker is indeed the "Emery Wisenbaker" who is an owner/member of Wisenbaker Holdings, LLC, defendant in the 1:10cv1335 matter. This Court, however, *denied* Mr. Wisenbaker's motion to vacate sentence and *denied* his subsequent motion for this Court to reconsider its denial. This Court's impartiality cannot reasonably be questioned on the basis of the Court's *denial* of a motion to vacate. Moreover, Wisenbaker Holdings is not a party to this case whose rights and liabilities are at issue. The Court therefore denies Plaintiffs' Motion for Recusal.

---

[17] Nonetheless, as stated by this Court at the February 4, 2010 oral argument with respect to Posner and Plaintiffs' motions, the Court called Plato Cacheris and confirmed that he does not represent Centennial, nor, to his knowledge, does any attorney associated with him in his law firm.

### v. Motion for Extension

Plaintiffs style their Motion for Extension as one for an extension of time to file a reply to Posner's opposition to the Plaintiffs' Motion for a More Definite Statement. The filing, however, makes arguments in reply, both as to the Motion for a More Definite Statement (for instance, among others, "[s]ince the client of the Defendants regularly procures many bond instruments, the generic description of 'procured bonds' is not an adequate fact supported by adding the Defendant's affidavit to the record" (MFE[18] ¶ 5)) and to the arguments Posner makes in favor of summary judgment (for instance, among others, "[t]here has been no adjudication of bonds" (MFE ¶ 10)). As the filing is itself a reply, the Court will deny the Motion for Extension as moot.

### vi. Motion for Continuance

Plaintiffs move this Court for a "continuance to file an opposition to [Defendants'] motion for summary judgment." (MFC[19] at 1.) Plaintiffs filed their Motion for Continuance on January 31, 2011, four days before the hearing scheduled for Defendants' motion for summary judgment, February 4, 2011. [Dkt. entry December 28, 2010.] Pursuant to Local Rule 7(I), "[a]ny requests for an extension of time relating to motions . . . will be looked upon with disfavor." Plaintiffs, who have

---

[18] Plaintiffs Motion for Extension [Dkt. 41] will be referred to as "MFE."
[19] Plaintiffs Motion for Continuance [Dkt. 46] will be referred to as "MFC."

elected to receive all motions by mail, received Defendants' motion for summary judgment on January 5, 2011, at the latest, as they filed their Motion for a More Definite Statement of the summary judgment motion on that day. [Dkt. 30.] Having received the motion for summary judgment nearly a full month in advance of the hearing, and having filed a plethora of motions between that date and the hearing, the Court sees no reason to look upon this Motion for Continuance with anything other than the general disfavor with which it looks upon all such motions. Accordingly, the Motion for Continuance will be denied.

### IV. Conclusion

For these reasons, the Court will grant Posner's Motion and deny each of the Plaintiffs' various motions.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| February 23, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |